■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS AMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 29, 1990, convicting him of robbery in the third degree, burglary in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was erroneously denied the opportunity to call his parole officer to testify about a misidentification made by the complainant from a photographic array which included a photograph of the defendant, because the trial court refused to redact the initials "DOR" and "AK" from the defendant's photograph. The defendant argues that these initials represent the Department of Corrections and the Arthur Kill Correctional Facility, which would have alerted the jury to the defendant's criminal history. Thus, the defendant contends that the potential prejudicial effect of these initials on the photograph forced him to forego eliciting testimony as to the misidentification. We disagree.

The trial court properly redacted the date which appeared on the photograph, which predated the defendant's arrest for the instant offense. The redaction foreclosed the possibility of the jury's learning of the defendant's earlier contact with the criminal justice system. Even if the jurors recognized the initials on the photograph as representing the Department of Corrections and the Arthur Kill Correctional Facility, they would, more likely than not, have assumed that the picture was taken as a result of the present case and was not an indication of a criminal history. However, had the trial court granted the defendant's request to cover the initials themselves, it might have served to call further attention to the fact that potentially harmful information had been redacted (see, People v Carroll, 61 AD2d 760), without a sufficient, countervailing beneficial effect.

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]; People v Chin, 67 NY2d 22; People v Udzinski, 146 AD2d 245), and we decline to reach it in the exercise of our interest of justice jurisdiction. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.